

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

### EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| ERIC ALLEN BOYD | ) |
| _____ | ) |
| *Petitioner* | ) |
| | ) Case: 1:25-cv-11563 |
| v. | ) Assigned To : Ludington, Thomas L. |
| | ) Referral Judge: Ivy, Curtis, Jr |
| | ) Assign. Date : 5/28/2025 |
| | ) Description: HC ERIC ALLEN BOYD v. ERIC RARDIN (JB) |
| ERIC RARDIN | ) |
| _____ | ) |
| *Respondent* | |
| *(name of warden or authorized person having custody of petitioner)* | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Eric Allen Boyd

    (b) Other names you have used:

2.  Place of confinement:

    (a) Name of institution:  FCI MILAN

    (b) Address:  ~~PO BOX 1000~~
       MILAN, MI.  48160

    (c) Your identification number:  01807-089

3.  Are you currently being held on orders by:

    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:  CENTRAL DISTRICT OF ILLINOIS

    (b) Docket number of criminal case:  ~~4:23-CR-40007 & 1:22-cr-00109(1)~~

    (c) Date of sentencing:  04-11-2024 & 05-07-2024

    ☐ Being held on an immigration charge

    ☐ Other *(explain):*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.   What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.   Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:     BUREAU OF PRISONS _____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

BUREAU CLAIMS I AM INEIGIBLE FOR FIRST STEP ACT TIME CREDITS.  I DISAGREE.

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes            ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:     BUREAU OF PRISONS _____

(2)  Date of filing:   12-02-2024 _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result:     WRONGFUL DETERMINATION OF FSA ELIGIBILITY _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

 

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes       ☐ No

(a) If "Yes," provide:

     (1) Name of the authority, agency, or court: _____ WARDEN/FCI MILAN _____

     (2) Date of filing: __12/03/2024_____

     (3) Docket number, case number, or opinion number: _____

     (4) Result: __DENIED_____

     (5) Date of result: _____

     (6) Issues raised: __WRONGFUL DETERMINATION OF ELIGIBILITY_____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes       ☒ No

(a) If "Yes," provide:

     (1) Name of the authority, agency, or court: _____

     (2) Date of filing: _____

     (3) Docket number, case number, or opinion number: _____

     (4) Result: _____

     (5) Date of result: _____

     (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

    (b) If you answered "No," explain why you did not file a third appeal: _____

I WAS PROCEDURALLY PREVENTED FROM FILING A THIRD APPEAL BECAUSE THE WARDEN AT FCI

MILAN FAILED TO RESPOND TO MY SECOND APPEAL _____

10.   **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐ Yes        ☒ No

    If "Yes," answer the following:

    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes      ☐ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Case number: _____

        (3) Date of filing: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

        _____

        _____

        _____

        _____

        _____

    (b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
        seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
        sentence?

        ☐ Yes      ☒ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Case number: _____

        (3) Date of filing: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

_____
_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____
_____
_____
_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____
_____
_____
_____
_____
_____

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

        _____

        _____

        _____

        _____

        _____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes         ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  INELIGIBILITY AS REGARDING A REVOCATION SENTENCE SHOULD BE BASED ON §3632(d)(4)(D)(Li) _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: _____
_____
_____
_____

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
     not: _____
_____
_____
_____

## Request for Relief

15. State exactly what you want the court to do:     REVERSE BOP'S UNREASONABLE DECISION TO RENDER
_____ PETITIONER FTC INELEIGIBLE _____
_____
_____
_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: __05/19/2025__          _____Eric A. Boyd_____

*Signature of Petitioner*


_____

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN


ERIC ALLEN BOYD,
        PETITIONER,

CASE NO: _____

v.


WARDEN ERIC RARDIN,
BUREAU OF PRISONS, FCI MILAN,
_____RESPONDENT._____/



MEMORANDUM IN SUPPORT OF APPLICATION  FOR §2241 RELIEF



RESPECTFULLY SUBMITTED,

*Eric Allen Boyd*

MR. ERIC ALLEN BOYD

DATED: _05 19_, 2025

[BACKGROUND]:

My background is detailed in my last Sentencing Memorandum. DKT. 26-1.
In short, after a deprived childhood, I spent all but three years, between the
ages of 15 and 56, behind bars.  My upbringing does not excuse my abysmal choices,
but it, along with my time behind bars, are relevant factors.

With the yearning of an impoverished man in a wealthy country, but without
meaningful life skills, I foolishly used a imitation (toy) gun to rob three
banks, and then foolishly opted to go to trial rather than simply admitting to
what I had done.  As a result, in 1994, at the age of 26, I was sentenced to
a 54-year term of imprisonment for three Counts of 18 U.S.C. §§2113(a) and
three Counts of 18 U.S.C. §924(c).

While in prison I made an effort to educate myself by avidly reading.  I
thought that was enough.  But what I did not realize was that I was still trapped
in the mindset of a little boy without marketable skills, or real-world life
experience.

Twenty-six years and ten months later, I was freed from prison by virtue
of a successful Compassionate Release Petition.  It was a dream come true.
I sought and secured employment with no thought of breaking the law.  But I
soon found myself struggling.  In an act of epic stupidity, I once again used
a toy gun to rob a bank.  I realized, too late, that under stress, my
underdeveloped mind was triggered to act in the way it knew best -- not trusting
I could manage otherwise.

I was sentenced to a 180-month term of imprisonment in violation of §2113(a)
and a 33-month term of imprisonment in violation of conditions pertaining to my
supervised release.  The 180-month sentence falls under the

Prison Litigation Reform Act (PLRA), while the 33-month sentence
is under the Sentencing Reform Act (SRA).

After having learned that the Bureau of Prisons, (hereafter, "BOP"),
determinied I am ineligible for First Step Act (FSA) Earned Time Credits (FTC),
I then discovered that the Designation/Sentence Computation Center (DSCC) had
calculated my sentence using two separate computations, with a side-note indicating
that SRA and PLRA sentences CANNOT BE AGGREGATED. See Exhibit #3 and B.O.P. Program
Statement Sentence Computation Manual/CCA        §5880.28. Confused as to
its intended meaning, I asked my Unit Manager, Mr. Kirk, to explain the basis
for the BOP's decision. Mr. Kirk then contacted FCI Milan's Attorney, Ms.
Allison, who, after looking into my eligibility status, exclaimed, "Good catch."
Ms. Allison then indicated that there was nothing in my criminal history that
rendered me ineligible for FTC.

However, the DSCC overruled FCI Milan, declaring me ineligible because
I had not completed my SRA sentence. Dissatisfied with said ruling, I exercised
my administrative remedies by filing a BP-8, followed by a BP-9. See attached
Exhibits #1 & #2. According to BOP policy, the Bureau has 20 days to respond
to a BP-9. FCI Milan, as is anecdotally-typical, failed to return a receipt
or respond, and thus, has defaulted. Accordingly, I have filed the instant motion.

[QUESTION]:

I do not question, nor challenge that a BOP Administrative Function is
to calculate an inmate's sentence, including FTC. Moreover, I do not question
that 18 U.S.C. §3584(c)'s directive to aggregate sentences includes those
listed in the FSA's 18 U.S.C. §3632(d)(4)(D). What I do, however, question

2

is, whether the BOP's decision regarding the aggregation of FTC ineligibility

is, at least in this case, correctly applied.  It is the role of the legislative

branch to create the law and the range of penalties for violating it.  It is

the role of the judicial branch to determine the meaning of the law and the

individual penalties for violating it.  And it is the role of the executive branch,

through the BOP, to administer the incarceration portion of the individual penalties.

But, as I will demonstrate herein with three novel arguments, the BOP's unnecessary

aggregation of FTC ineligibility is neither correct, nor reasonable.  Rather,

under the guise of fulfilling its administrative function, the BOP is -- in effect

-- playing an impermissible penalogical role reserved to the legislative and

judicial branches of government.

I.

### INELIGIBILITY AS REGARDING A REVOCATION SENTENCE SHOULD BE BASED ON §3632(d)(4)(D)(Li).

A violation of supervised release is based on activity that is distinct from

the original, underlying offense.  Punishment for such a violation also has a

distinct designation as a "revocation sentence."  Thus once released from prison,
for the purpose of classifying FTC ineligible activity,
the original, underlying activity is inherently a prior offense relative to the

current revocation offense.  Congress distinguished between current (e.g., §3632-

(d)(4)(D)(xxii)) and prior (§3632(d)(4)(D)(Li)) FTC disqualifying offenses.

Since the prior, disqualifying offense underlying the revocation sentence

in the instant case is §924(c), and §924(c) is not listed in §3632(d)(4)(D)(Li),

it should not be a FTC disqualifying sentence.  The validity of this logic and

the wisdom of Congress are vividly illustrated by the facts of this case.

3

The prior offense underlying the revocation sentence occurred over thirty years ago and falls under a different sentencing law.  Certainly, Congress would not envision that was anything but a prior offense.  Yet, the BOP is treating the revocation sentence as based on the prior rather than new conviction.  As there is no administrative purpose for this, it amounts to a penalogical choice that violates separation of powers, and thwarts congressional intent.


II.


THE BOP'S INTERPRETATION OF §3584(C) AND
§3632(d)(4)(D) AS REGARDING TO FTC IS UNREASONABLE.


While precedent overwhelmingly supports the BOP's denial of FTC for aggregated consecutive sentences, those decisions are based on courts accepting the BOP's administrative interpretation because it appeared reasonable, given the arguments presented, as required by Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)("Chevron...demands that courts mechanically afford **binding** deference to agency interpretations.").  But under the Administrative Procedure Act (APA), "the reviewing court...is to decide all relevant questions of law...and interpret...statutory provisions, §706".
 "It therefore makes no sense to speak of a  permissable interpretation that is not the one the court, after applying all relevant interpretative tools, concludes is best."  Loper Bright Enters v. Raimondo, 144 S.Ct. 2244, 2265-2266 (2024).  Since courts are now expected to reach their own legal conclusion, it is approproate to conduct a de novo review.

Section 3584(c) states, "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated, for administrative purposes,

4

as a single aggregate term of imprisonment."  Section §3632(d)(4)(D) states that
a prisoner is ineligible to receive FTC if the prisoner is serving a sentence
for a disqualifying offense.  As such, both §3584(c) and §3632(d) [are] silent
as to the eligibility of prisoners convicted of multiple offenses [where] some
[offenses are] eligible and others ineligible for time credits."  Bonnie v.
Dunbar, 2024 U.S. Dist. LEXIS 84550, at *18 (D.S.C. Jan. 16, 2024).  I submit
that the BOP's denial of FTC for the eligible portion of an aggregated sentence
is not reasonable because it serves no administrative purpose.  Prior courts do
not appear to have known, or at least considered, that the BOP tracks FSA
eligibility FOR ALL INMATES -- including those whom the BOP deems ineligible
to earn FTC — on a **daily** basis.  For instance, for each night a prisoner
spends in a hospital, or in the Special Housing Unit (SHU), he/she loses one
day of FSA eligibility.  Accordingly, with such daily tracking, there is no
administrative reason for an ineligible portion of an aggregated sentence to
deny the FTC benefit to an eligible portion.  The reality then, is that rather
than just executing Congress's will by aggregating sentences, the BOP is
aggregating §3584(C), an administrative statute, and §3632(d)(4)(D), a
penalogical statute, to create a third (non-existent) penalogical statute,
instructing it to aggregate FTC ineligibility.  That clearly exceeds the BOP's
executive branch authority at the expense of Congress's penalogical goals and
thus should no longer be permitted.

Under Chevron courts accepted the argument "that the relevant statutory context
is not merely the language of the FSA but also the pre-existing statutory obligations
that governed administration of prison sentences at that time."  Bonnie, at *20.
And therefore, since §3584(c) pre-existed the FSA, aggregation of FTC ineligibility
under the FSA is expected and appropriate.  Yet courts do not seem to have considered
that the statutory context is not complete unless one also factors in the BOP's pre-

5

existing statutory interpretations. Prior to the FSA it was established that, §3584(c) notwithstanding, when a statutory conflict existed that impacted the BOP's calculation of good conduct time (GCT), the BOP calculated "a single, aggregate term of imprisonment" separately for each time credit requirement. King v Shultz, 2010 U.S. App. LEXIS 23300, *7 (3rd Cir.) ("the BOP has a policy of not aggregating an 'old law' sentence with a 'new law' sentence...because of the differences in the way good time credits are calculated"). The same applies to SRA and PLRA sentences (see §III, post). Thus Congress's presumption would have been that the BOP would not aggregate conflicts involving time credits under the FSA.

Section 3584(c) falls under the SRA while §3632(d)(4)(D) falls under the PLRA. If, as the BOP has assiduously done for decades, statutes in the two frameworks are enacted so as to avoid conflict then there is no need to "harmoniz[e] the ambiguity" (Bonnie, at *22) of Congress's silences in those statutes because there is none. The experation full term (EFT) date can be calculated as "a single, aggregate term of imprisonment" under §3584(c) while FTC ineligibility can be calculated on a count-by-count basis as directed by §3632(d)(4)(D). In this way both statutes are administered in their natural sense. And the BOP -- when prevented from creating an unnecessary conflict by conflating two distinct time calculations -- is not inappropriately empowered to make the penalogical choice of aggregating FTC ineligibility rather than FTC eligibility. Cf., Walker v Lemaster, 2023 U.S. Dist. LEXIS 223572 (EDKY) (wherein one month of consecutive ineligibility nullified 480 months of FTC eligibility).

III.

SRA AND PLRA SENTENCES SHOULD NOT BE AGGREGATED
FOR THE SOLE PURPOSE OF FTC DISQUALIFICATION

In this case the SRA and PLRA sentences ordered to run consecutively or concurrently were -- separately -- treated, for administrative purposes as single, aggregate terms of imprisonment. The demands of §3584(c) were -- separately -- met. because they cannot be jointly met. BOP Program Statement 5880.28 states, "a 924/

6

non-924 sentence...shall be...calculated as an **aggregate** provided there is nothing
to prevent the aggregate, i.e., old law and new law sentence combination or SRA/
VCCLEA and PRLA combination." And that "PRLA sentences shall be aggregated with
each other but shall not be aggregated with any other sentences because of the
statutory differences between the manner in which a PRLA sentence must be treated
in relationship to other sentences (18 U.S.C. § 3584(c))." Bold emphases in originals.

The BOP has successfully argued in court its view that §3584(c) can be read as
not requiring aggregation. E.g., King, at *8, held that "[t]here is a gap in
[§3584(c)], which does not explicitly require aggregation of terms for the purpose
of awarding good time credit. Because of the ambiguities...the BOP's interpretation
that terms should not be aggregated for adding or subtracting good time is reasonable."

My revocation sentence's underlying offenses occurred in 1993 -- squarely
within the SRA's November 1, 1987 to April 25, 1996 range. My computation records
plainly state -- and are calculated on the basis -- that SRA and PLRA sentences can-
not be aggregated. FCI Milan's attorney found that, in my case, the aggregation of
FTC ineligibility did not apply. And §3632(d)(4)(D) is explicit: "A prisoner is
ineligible to receive time credits...if the prisoner is serving a sentence for a"
disqualifying offense. "Is serving," not "was" or "will." Yet the BOP, effectively,
insists it must now do a second aggregation. Obviously there can be no administrative
purpose for doing what the BOP claims cannot be administratively done. We are left,
then, with the truth of the BOP's administrative policy. When aggregation provides
a benefit it cannot be done (i.e., King) but where it denies a benefit it must be done--twice.
Whatever bureaucratic logic that maximizes incarceration is the one to which the
BOP clings. That is clearly a penalogical choice, not an administrative one -- and
penalogical choices reside with Congress and the courts. It is not credible to
claim that whenever Congress creates a benefit to reduce incarceration -- with its
toll on individuals,

7

families, and taxpayers — and does not enumerate every way in which the BOP could thwart it, that its silence is meant as an invitation for the BOP to do just that. Certainly, if Congresss had intended for the BOP to consistently maximize incarceration when aggregating sentences at the expense of benefits, it would have simply included such language in §3584(c). Accordingly, the FTC ineligibility of SRA and PLRA sentences should not be aggregated.


[CONCLUSION]:

From personal experience, I can attest to the wisdom of the enactment of the FSA, with its incentivized Productive Activities (PA) and, more so, Evidence-Based Recidivism Reduction Programs (EBRR).

I would like to believe that had such programs existed when I was warehoused in federal prison for nearly three decades, I would have acquired the tools to overcome the unaddressed triggers that ultimately led me back to prison. Let me hasten to say, I am in no way attempting to excuse my spectacularly, moronic behavior. I take full responsibility for walking into a bank and holding it up with a toy gun, and consequently turning a court-ordered compassionate release into a miserable, epic failure. My recidivistic behavior, however, underscores the importance of the FSA, and why inmates should be incentivised to participate in EBRR programs before facing the pressures of freedom.

**FOR THE FOREGOING REASONS**, this Honorable Court should reverse the BOP's unreasonable decision to render me FTC ineligible.


RESPECTFULLY SUBMITTED,                    DATED: _05 19_ , 2025

_Eric Allen Boyd_
ERIC ALLEN BOYD

8

EXHIBIT 1

U.S. Department Of Justice
Federal Bureau of Prisons

**Request For Administrative Remedy**

1 of 2

12-3-24

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Boyd Eric**      **01807-089**    **B-1**     **FCI Milan**
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST** 18 U.S.C. § 3584(c) instructs the BOP to aggregate Sentences for "administrative purposes." The FSA instructs the BOP to offer Programming tied to sentence reduction for penalogical purposes. The BOP computes all SRA into a single aggregate and all PLRA sentences into a Separate single aggregate.

FCI Milan's legal department interpreted that as allowing FSA for, in this case, the PLRA aggregated sentence. The Designation/Sentence Computation Center (DSC) acknowledges SRA and PLRA Sentences cannot be aggregated. See attached page.

12/3/2024
DATE

*Eric Boyd*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

**Part C - RECEIPT**

     CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-229(13) APRIL 1982

2 of 2

The BOP's justification for precluding me from earning FSA credits is that my revocation sentence which derives from my 30 year-old 924(c) convictions was combined with my current sentence for bank robbery, rendering it a single aggregate sentence. As such, the BOP maintains I am ineligible for FSA credits, even though my current conviction is not on the FSA's disqualifying list.

Not only is this policy fundamentally unfair but it is inconsistent with a recent Supreme Court decision overturning the Chevron Doctrine, which previously permitted the BOP to create policies that were inconsistent with the law. (See Loper Bright Enterprises V. Raimondo, No. 22-451, 22-1219, 2024 U.S. LEXIS 2882 (June 28, 2024))

I respectfully submit, for the foregoing reasons, the BOP should permit me to earn FSA credits.

EXHIBIT 2

MIL-1330.18

January 4, 2016

PAGE 7

Attachment B/Part 1
FCI/FDC Milan Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: Boyd, Eric

Registration Number 01807-089 Housing Unit B-1

## ATTEMPT AT INFORMAL RESOLUTION:

1.      Briefly stated the complaint and requested corrective actions.

18 U.S.C. § 3584 (c) instructs the BOP to aggregate sentences for "administrative purposes." The FSA instructs the BOP to offer programming tied to sentence reduction for penalogical purposes. The BOP computes all SRA sentences into a single aggregate and all PLRA into a separate single aggregate. See attached page.

2.      Document your efforts to resolve the matter to include policies reviewed.
        Note any reasons an informal resolution could not be achieved.

I am not able to resolve this matter at my level informal resolution could not be achieved.

Inmate Signature: Eric Boyd
Date: 12/3/2024
Inmate Printed Name: Eric Boyd

Unit Counselor Signature: _____
Date: 12-3-2024
Unit Counselor Printed Name: E. Perez

Nonetheless, it has determined they should be treated as aggregated for the purpose of rendering the PLRA FSA ineligible, even though there is no administrative reason for doing so.

For the foregoing reasons, I respectfully request that congressional intent prevail, FCI milan's legal department's initial interpretation and determination in this case is accepted, and consequently my PLRA sentence is rendered FSA eligible

EXHIBIT #3

```
  MILD6  540*23 *              SENTENCE MONITORING           *      08-29-2024
PAGE 001          *           COMPUTATION DATA              *      10:21:10
                                AS OF 08-29-2024
```

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN

```
FBI NO...........: 297813FA2          DATE OF BIRTH: 03-16-1968  AGE:  56
ARS1.............: MIL/A-DES
UNIT.............: 2 GP                QUARTERS.....: B03-017L
DETAINERS........: NO                  NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 12-17-2037

THE INMATE IS PROJECTED FOR RELEASE: 06-17-2038 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 040 ------------------------

```
COURT OF JURISDICTION...........: ILLINOIS, CENTRAL DISTRICT
DOCKET NUMBER...................: 23-CR-40007-001
JUDGE...........................: SHADID
DATE SENTENCED/PROBATION IMPOSED: 04-11-2024
DATE COMMITTED..................: 06-25-2024
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:    $100.00        $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO       AMOUNT: $6,875.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 551    18:2113 ROBBERY BANK
OFF/CHG: 18:2113(A) AND 2113(D) ARMED BANK ROBBERY CT.1

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  180 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 DATE OF OFFENSE................: 05-01-2023
```

G0002      MORE PAGES TO FOLLOW . . .

```
   MILD6  540*23 *            SENTENCE MONITORING       *     08-29-2024
   PAGE 002        *          COMPUTATION DATA          *     10:21:10
                              AS OF 08-29-2024

   REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


   -----------------------CURRENT COMPUTATION NO: 040 -----------------------

   COMPUTATION 040 WAS LAST UPDATED ON 06-04-2024 AT DSC AUTOMATICALLY
   COMPUTATION CERTIFIED ON 07-10-2024 BY DESIG/SENTENCE COMPUTATION CTR

   THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
   CURRENT COMPUTATION 040: 040 010

   DATE COMPUTATION BEGAN..........: 04-11-2024
   TOTAL TERM IN EFFECT............: 180 MONTHS
   TOTAL TERM IN EFFECT CONVERTED..:  15 YEARS
   EARLIEST DATE OF OFFENSE........: 05-01-2023

   JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                      05-05-2023    04-10-2024


   TOTAL PRIOR CREDIT TIME.........: 342
   TOTAL INOPERATIVE TIME..........: 0
   TOTAL GCT EARNED AND PROJECTED..: 810
   TOTAL GCT EARNED................: 54
   STATUTORY RELEASE DATE PROJECTED: 02-13-2036
   ELDERLY OFFENDER TWO THIRDS DATE: 05-03-2033
   EXPIRATION FULL TERM DATE.......: 05-03-2038
   TIME SERVED.....................:     1 YEARS     3 MONTHS     25 DAYS
   PERCENTAGE OF FULL TERM SERVED..:   8.8
   PERCENT OF STATUTORY TERM SERVED:  10.3

   PROJECTED SATISFACTION DATE.....: 02-13-2036
   PROJECTED SATISFACTION METHOD...: GCT REL

   REMARKS.......: 6-4-24 2 COMPS SRA AND PLRA CANNOT BE AGGREGATED R/JRJ;


   G0002       MORE PAGES TO FOLLOW . . .
```

```
  MILD6   540*23 *                SENTENCE MONITORING            *    08-29-2024
PAGE 003          *                COMPUTATION DATA              *    10:21:10
                                  AS OF 08-29-2024


REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


FBI NO...........: 297813FA2              DATE OF BIRTH: 03-16-1968  AGE:  56
ARS1.............: MIL/A-DES
UNIT.............: 2 GP                   QUARTERS.....: B03-017L
DETAINERS........: NO                     NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 12-17-2037

THE INMATE IS PROJECTED FOR RELEASE: 06-17-2038 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

COURT OF JURISDICTION...........: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER...................: 1:22-CR-00109(1)
JUDGE...........................: BLAKEY
DATE SENTENCED/PROBATION IMPOSED: 09-23-1994
DATE SUPERVISION REVOKED........: 05-07-2024
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 06-25-2024
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $300.00         $00.00         $00.00      $00.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO      AMOUNT: $14,085.03

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 130     18:924(C) FIREARMS LAWS        FSA INELIGIBLE
OFF/CHG: 18:2113(A)(D) ARMED BANK ROBBERY CT1,3,5.18:924(C)(1) USING &
         CARRYING A FIRERAMR TO COMMIT A CRIME OF VIOLENCE CT2,4,6.

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION
 SENTENCE IMPOSED/TIME TO SERVE.:    33 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 040 COMP
 DATE OF OFFENSE................: 12-17-1993




G0002      MORE PAGES TO FOLLOW . . .
```

```
  MILD6  540*23 *            SENTENCE MONITORING            *     08-29-2024
PAGE 004         *           COMPUTATION DATA               *     10:21:10
                             AS OF 08-29-2024
```

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


-----------------------CURRENT COMPUTATION NO: 050 -------------------------

COMPUTATION 050 WAS LAST UPDATED ON 06-04-2024 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-10-2024 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 050 010

```
DATE COMPUTATION TO BEGIN.......: 02-13-2036
TOTAL TERM IN EFFECT............:    33 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS    9 MONTHS
EARLIEST DATE OF OFFENSE........: 12-17-1993

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 148
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 06-17-2038
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2037
EXPIRATION FULL TERM DATE.......: 11-12-2038

PROJECTED SATISFACTION DATE.....: 06-17-2038
PROJECTED SATISFACTION METHOD...: GCT REL
```

6-4-24 2 **COMPS SRA AND PLRA CANNOT BE AGGREGATED R/JRJ;**

G0002       MORE PAGES TO FOLLOW . . .

```
   MILD6  540*23  *               SENTENCE MONITORING              *     08-29-2024
PAGE 005          *               COMPUTATION DATA                 *     10:21:10
                                  AS OF 01-15-2021
```

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN

```
FBI NO...........: 297813FA2              DATE OF BIRTH: 03-16-1968  AGE:  56
ARS1.............: MIL/A-DES
UNIT.............: 2 GP                   QUARTERS.....: B03-017L
DETAINERS........: NO                     NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 03-05-2040

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-15-2021 VIA CMPSNT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

```
COURT OF JURISDICTION...........: WISCONSIN, EASTERN DISTRICT
DOCKET NUMBER...................: 94-CR-52
JUDGE...........................: CURRAN
DATE SENTENCED/PROBATION IMPOSED: 09-23-1994
DATE COMMITTED..................: 10-20-1994
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $300.00         $00.00          $00.00      $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES:  NO     AMOUNT: $14,085.03

-------------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  554     18:2113(D) ROBBRY,ASSLT,BANK
OFF/CHG: 18:2113(A)(D) ARMED BANK ROBBERY (3CTS) 18:924(C)(1) USING &
         CARRYING A F/A TO COMMIT A CRIME OF VIOLENCE (3CTS)

```
 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   650 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 12-17-1993
```

G0002      MORE PAGES TO FOLLOW . . .

Case 1:25-cv-11563-TLL-CI ECF No. 71 PageID.389 Filed 05/28/25 Page 30 of 44

```
 MILD6  540*23 *              SENTENCE MONITORING            *    08-29-2024
 PAGE 006         *           COMPUTATION DATA               *    10:21:10
                             AS OF 01-15-2021


 REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


 --------------------------PRIOR COMPUTATION NO: 020 --------------------------


 COMPUTATION 020 WAS LAST UPDATED ON 04-15-2020 AT DSC AUTOMATICALLY
 COMPUTATION CERTIFIED ON 05-27-2010 BY DESIG/SENTENCE COMPUTATION CTR

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 PRIOR COMPUTATION 020:  020 010

 DATE COMPUTATION BEGAN..........: 09-23-1994
 TOTAL TERM IN EFFECT............:  650 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:   54 YEARS       2 MONTHS
 EARLIEST DATE OF OFFENSE........: 12-17-1993

 JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    02-03-1994     02-03-1994
                                    03-10-1994     09-22-1994


 TOTAL PRIOR CREDIT TIME.........: 198
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 2802
 TOTAL GCT EARNED................: 1281
 STATUTORY RELEASE DATE PROJECTED: 09-05-2040
 ELDERLY OFFENDER TWO THIRDS DATE: 04-19-2030
 EXPIRATION FULL TERM DATE.......: 05-08-2048
 TIME SERVED.....................:   26 YEARS      10 MONTHS     7 DAYS
 PERCENTAGE OF FULL TERM SERVED..: 49.5
 PERCENT OF STATUTORY TERM SERVED: 57.7

 ACTUAL SATISFACTION DATE........: 01-15-2021
 ACTUAL SATISFACTION METHOD......: CMPSNT REL
 ACTUAL SATISFACTION FACILITY....: CPH
 ACTUAL SATISFACTION KEYED BY....: CMS

 DAYS REMAINING..................: 9975
 FINAL PUBLIC LAW DAYS...........: 0

                 05-27-2010 UPDATED FOR DIS GCT(2011895)  S/RGM
                 07-01-2010 DIS GCT(2030892)  S/RGM
                 12-02-2011 DIS GCT(2239888)  S/RGM
                 4-15-20 GCT UPDATED PURSUANT TO FSA P/JMD.




 G0002     MORE PAGES TO FOLLOW . . .
```

```
  MILD6  540*23  *           SENTENCE MONITORING        *    08-29-2024
PAGE 007          *           COMPUTATION DATA           *    10:21:10
                              AS OF 03-28-1997

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


FBI NO...........: 297813FA2        DATE OF BIRTH: 03-16-1968  AGE:  56
ARS1.............: MIL/A-DES
UNIT.............: 2 GP               QUARTERS.....: B03-017L
DETAINERS........: NO                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 11-13-1996

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  03-28-1997 VIA MAND REL

----------------------PRIOR JUDGMENT/WARRANT NO: 030 ----------------------
COURT OF JURISDICTION...........: WISCONSIN, EASTERN DISTRICT
DOCKET NUMBER...................: 87-CR-3
JUDGE...........................: REYNOLDS
DATE SENTENCED/PROBATION IMPOSED: 05-14-1987
DATE WARRANT ISSUED.............: 03-16-1994
DATE WARRANT EXECUTED...........: 09-24-1994
DATE COMMITTED..................: 10-20-1994
HOW COMMITTED...................: RETURN OF MAND RELEASE VIOL
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $150.00          $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO       AMOUNT: $6,729.00

----------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 551    18:2113 ROBBERY BANK
OFF/CHG: BANK THEFT IN VIOLATION OF 18 USC 2113(B)

 SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
 SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS
 NEW SENTENCE IMPOSED...........: 1367 DAYS
 BASIS FOR CHANGE...............: MAND REL VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: N/A




G0002      MORE PAGES TO FOLLOW . . .
```

```
   MILD6  540*23 *              SENTENCE MONITORING              *     08-29-2024
PAGE 008          *           COMPUTATION DATA                  *     10:21:10
                                AS OF 03-28-1997
```

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 08-15-1997 AT THA AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010

```
DATE COMPUTATION BEGAN..........: 09-24-1994
TOTAL TERM IN EFFECT............: 1367 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   3 YEARS      8 MONTHS    29 DAYS

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 449
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 03-29-1997
PAROLE TWO THIRDS DATE..........: N/A
ELDERLY OFFENDER TWO THIRDS DATE: UNKNOWN
180 DAY DATE....................: 12-23-1997
EXPIRATION FULL TERM DATE.......: 06-21-1998

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 03-28-1997
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: THA
ACTUAL SATISFACTION KEYED BY....: RAD

DAYS REMAINING..................: 450
FINAL PUBLIC LAW DAYS...........: 0
```

G0002      MORE PAGES TO FOLLOW . . .

```
   MILD6  540*23 *              SENTENCE MONITORING           *     08-29-2024
PAGE 009          *            COMPUTATION DATA              *     10:21:10
                                AS OF 08-13-1993


REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


FBI NO...........: 297813FA2              DATE OF BIRTH: 03-16-1968  AGE:  56
ARS1.............: MIL/A-DES
UNIT.............: 2 GP                   QUARTERS.....: B03-017L
DETAINERS........: NO                     NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  08-13-1993 VIA MAND REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: WISCONSIN, EASTERN DISTRICT
DOCKET NUMBER...................: 87-CR-3
JUDGE...........................: REYNOLDS
DATE SENTENCED/PROBATION IMPOSED: 05-14-1987
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 05-14-1987
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $150.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT: $6,729.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 281   LARCENY/THEFT
OFF/CHG: BANK THEFT IN VIOLATION OF 18 USC 2113(B)

  SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
  SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS


G0002      MORE PAGES TO FOLLOW . . .
```

```
   MILD6  540*23 *           SENTENCE MONITORING          *    08-29-2024
PAGE 010 OF 010 *           COMPUTATION DATA             *    10:21:10
                            AS OF 08-13-1993

REGNO..: 01807-089 NAME: BOYD, ERIC ALLEN


--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-13-1993 AT MEM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 05-14-1987
TOTAL TERM IN EFFECT............:   10 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1200
PAROLE ELIGIBILITY..............: 09-13-1990
STATUTORY RELEASE DATE..........: 01-29-1994
PAROLE TWO THIRDS DATE..........: 01-13-1994
ELDERLY OFFENDER TWO THIRDS DATE: UNKNOWN
180 DAY DATE....................: 11-14-1996
EXPIRATION FULL TERM DATE.......: 05-13-1997

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: CONTINUE TO EXPIRATION

ACTUAL SATISFACTION DATE........: 08-13-1993
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: MEM
ACTUAL SATISFACTION KEYED BY....: MLC

DAYS REMAINING..................: 1367
FINAL PUBLIC LAW DAYS...........: 2

                CT 1, 10 YR, CT 2, 10 YR, CT 3, 10 YR TO RUN CONCURRENTLY
                WITH EACH OTHER AND CONCURRENT WITH HIS WISCONSIN ST SENTENCE




G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,
              Plaintiff,

              v.

ERIC ALLEN BOYD,
              Defendant.

Case No. 23-CR-40007-JES

## <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Eric Boyd's case is equal parts confounding and self-fulfilling prophecy. He's now 56. Since age 15, Eric has spent all but a few *brief* periods behind locked steel doors, bars, and razor wire. At sentencing the government will most assuredly parse, in excruciating detail, his numerous previous offenses from between 30 and 45 years ago—averring of course that the instant offense is merely the continuation of a lifelong pattern of recidivism. They will claim this as both vindication for the harsh and unyielding treatment Eric has previously received from the criminal justice system—and as justification for their recommendation that the Court effectively take the remainder of Eric's life.

We do not cede the government these claims, and the Court should reject

There have been at least three major turning points in Eric's life that we would like to briefly describe for the Court. Each event seemingly laid the foundation for the events that followed—eventually leading to today. But let's start with where Eric comes from.

I.   <u>**Early Life**</u>:

Eric was raised by a single mother (Mary Boyd) in a three-bedroom duplex in the Midtown neighborhood of Milwaukee. He had only sporadic contact with his biological father, who was (reportedly a heroin addict) from the Chicago area. Also in the home at various times were two younger maternal half-siblings, his grandmother, and two different uncles—Jimmy and Fentriess Boyd. Both men had extensive criminal records, and Eric reports being aware that they sold drugs and carried guns. By the time Jimmy came to live with the family, he was paralyzed (after being shot by his girlfriend in his sleep). The dining room was converted for use as Jimmy's bedroom.

Though Eric speaks fondly of his mother, there is some debate as to how engaged she truly was in his upbringing. Juvenile probation reports noted that, although "'Mary came across as a caring and concerned parent', she 'puts few of her words into action. She has failed to attend a single parent meeting' despite workers

rapes, the most aggravated assaults, the second-highest number of robberies, and the second highest number of homicides in the metro area.

Of note, at age 14, Eric was evaluated by a psychologist who deemed him to fall within the "borderline range of intellectual functioning" with a full-scale IQ of 76. It is believed however, that this evaluation failed to account for socio-economic context or educational issues arising from frequent truancy. Eric has become an avid book reader and presents as a substantially learned individual today without signs of cognitive impairment. Defender staff is of the unanimous opinion that the diagnosis of learning disability was made in error.

II.     **Ethan Allen Juvenile Prison: "Simply No Opportunity for Rehabilitation."**

Beginning in 1979 (age 11) and continuing until around 1983 (age 15), Eric fell into a habit of petty thievery and shoplifting. In separate incidents Eric was alleged (or admitted) to have stolen: a Vick's inhaler, a package of Pillsbury cookies, tennis shoes, tokens from a cashier's arcade booth, a tube of Clearasil acne cream, a warm-up suit and pair of jeans, 4 pairs of jeans, 3 polo shirts, 2 coats, 2 pairs of jeans, multiple pullover shirts, money and credit cards (from an unattended purse), a jacket, 2 boxes of hair conditioner, clothing (unspecified), and last-but-not-least, he

Eric describes Ethan Allen in very prison-like terms. He stated: "we were locked in cells with doors. They had lights outside, on the outside of the door that if you needed to go to the bathroom you would turn the light on to have to wait until someone noticed it was on to let you out to use the restroom." He also noted that "There was a lot of bullies there. I was one of the smaller ones, so I got bullied a lot."

By the 1980's, Ethan Allen School was considered a maximum security male juvenile institution, with inmates that included "killers, rapists, and armed robbers." The facility used restraints and had a 50% recidivism rate. Twenty percent of boys sentenced to Ethan Allen ended up in adult prison within two years of their release. In 1985, reports by staff said the school was overcrowded and severely understaffed, and that it was ridiculous for the public to think reform could happen given the resources they were given. (At the time there were three psychologists for 340 inmates, and one psychiatrist who spent less than one day (per week?) at the facility).[3]

The quote from this section's heading is found within this article:

---

[3] Milwaukee Sentinel 25 Nov 1985

III.   **Waiver into Adult Court at Age 17; FIRST Federal Sentence Shortly Thereafter.**

We are not here to assert that the criminal justice system *caused* Eric to commit crimes. Given similar poverty, familial and social circumstances, and exposure to the criminal justice system as Eric experienced up to age 17, there are probably *some* young men who would have (or could have) turned it around and risen above it. What undersigned counsel *would* maintain, however, is that those hypothetical 180-degree reversals in life course would not be properly credited to the system to which Eric was subjected. Some individuals simply age out of such conduct. Some are probably the beneficiaries of intensive intervention and guidance from family members or some other caring adult. Eric doesn't appear to have been lucky enough for either to have been true in his case.

The decrepit juvenile prison formerly known as Ethan Allen Boys School appears to have hardened Eric. Upon being questioned about his extensive juvenile history by undersigned counsel, Eric admitted "I know it wasn't the effect they intended, but it probably had a desensitizing effect on me." Just months after his release, in late 1984 (at age 16) and continuing to Spring of 1986, Eric engaged in an admittedly prolific pattern of theft offenses dominated by cash grabs from the drawers of tellers at financial institutions. All told, there were at least nine such events during this span.

IV.   **The SECOND Federal Prosecution in 1994:**

Upon his release in 1993, to say that Eric struggled with adjustment back into society would be an understatement. The first of three bank robberies for which he was convicted at jury trial in 1994 was committed in December of 1993—a mere four months after getting out of prison.

Undersigned counsel obviously wasn't privy to counseled discussions between Eric and his attorney at the time. The discovery from that case has not been obtained and closely analyzed. We have little idea what settlement offers (if any) were made. We have little idea whether his trial counsel performed effectively.[5] So almost anything offered on the subject is arguably "Monday-morning quarterbacking" or second-guessing to some degree. But a few things do jump out from that prosecution that beg to be at least touched upon here.

First, Eric was subject to <u>stacked</u> 924(c) charges in that case, which (for just three counts) made his statutory minimum **45 years**. Obviously, this is a practice that was done-away-with, with the passage of the First-Step Act six years ago. But there is a bit more to it than that. Although a gun *was* (according to the PSR) seized in that case, Eric says that that firearm was recovered by police in the common area

---

[5] In discussions Monday, Eric declined to speak ill of Attorney Brennan. But upon questioning disclosed that Brennan had been privately retained (not CJA-appointed) by Eric's family and that his experience had been predominantly in <u>civil</u> law prior to taking Eric's case. While this may not have seemed significant to Eric (then or now), it speaks volumes to undersigned counsel.

In January 2021, Eric was granted compassionate release on a petition that had been based on his diagnosis of kidney disease in combination with the Covid-19 pandemic (but one would suspect it may have also been influenced by the now-unlawful 924(c) stacking that had been applied against him).

At the time of his most recent release from federal prison, Eric was 52 years old, and had served continuously the preceding 26 years, 10 months, (or more than half his natural life) for the offenses committed in 1993-94. Records from the 1980's aren't necessarily easy to discern with a high degree of precision, but as of January 15, 2021, Eric had probably experienced freedom from custody *totaling* around <u>one year</u> since the age of 15.

V. <u>Summary</u>

There is no doubt Eric was prolific in his offense conduct during the Reagan and Clinton administrations, and he has committed a similar offense 30 years later. But the Court should put this in the context of Eric's life. After having grown up wretchedly poor with little positive parental guidance, and after falling into a habit of petty thievery—Eric wasn't shown anything resembling <u>leniency</u> or <u>compassion</u> when the juvenile court sentenced him to incarceration among killers, rapists, and armed robbers at the decrepit Ethan Allen juvenile prison in 1983.

After having been released from that facility and escalating his conduct to

release in 2021. While that might not be a factor worth mentioning in the vast majority of cases, two years is significant for a 56-year-old man who was locked up almost continuously from the ages of 15 to 52. It *is* cause to think Eric has the ability to be successful on supervision.

Eric had a job. He had a rather nice apartment. He had made progress toward building a relationship with the twin sons he sired during one of his brief periods of freedom in the 90's. He wants to die outside of razor wire and bars. We hope the Court gives him the chance to do so.

Respectfully submitted: April 9, 2024.

ERIC A. BOYD, Defendant

THOMAS PATTON, Federal Public Defender

/s/ *Terry Frederick*
Terry W. Frederick
WI Bar No. 1050352
Assistant Federal Public Defender
Central District of Illinois
1515 4th Avenue, Suite 201
Rock Island, IL 61201
Telephone: (309) 948-7190
E-mail: terry_frederick@fd.org

Eric A. Boyd #01807-089
FCI Milan
PO Box 1000
Milan, Michigan
48160

US MARSHAL

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. __25-11563__ | Judge: __Thomas L. Ludington__ | Magistrate Judge: __Curtis Ivy, Jr.__ |

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| Eric Allen Boyd | Eric Rardin |

**Inmate Number:**   01807-089

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

FCI Milan

Federal Correction Institution
P.O. Box 1000
Milan, MI 48160
WASHTENAW COUNTY

**BASIS OF JURISDICTION**
&#9746; **2 U.S. Government Defendant**
&#9744; **3 Federal Question**

**ORIGIN**
&#9746; **1 Original Proceeding**
&#9744; **5 Transferred from Another District Court**
&#9744; **Other:**

**NATURE OF SUIT**
&#9746; **530 Habeas Corpus**
&#9744; **540 Mandamus**
&#9744; **550 Civil Rights**
&#9744; **555 Prison Conditions**

**FEE STATUS**
&#9744; **IFP *In Forma Pauperis***
&#9744; **PD Paid**

**PURSUANT TO LOCAL RULE 83.11**

1.  **Is this a case that has been previously dismissed?**
    &#9744; **Yes**       &#9744; **No**
    ➢ **If yes, give the following information:**

    **Court:** _____

    **Case No:** _____

    **Judge:** _____

2.  **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
    &#9744; **Yes**       &#9744; **No**
    ➢ **If yes, give the following information:**

    **Court:** _____

    **Case No:** _____

    **Judge:** _____