United States District Court
Eastern District of Michigan
Northern Division

Eric Allen Boyd, #01807-089,

       Petitioner,                        Case No. 25-cv-11563

vs.                                          Hon. Thomas L. Ludington

Eric Rardin, Warden,             Mag. Judge Curtis Ivy, Jr.

       Respondent.
_____/

## Response to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

      The Court should dismiss Eric Boyd's petition without prejudice for failure to exhaust his administrative remedies. Boyd has failed to exhaust his claims through the Bureau of Prisons' administrative process, as he was required to do before filing a habeas petition. Alternatively, because his claim is substantively without merit, the petition should be denied.

# Brief in Support of Response to Petition for Writ of Habeas Corpus

## Issues

1. Should Boyd's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice for failure to exhaust his administrative remedies?

2. Is Boyd eligible for First Step Act credits?

## Statement of Facts

Eric Boyd is a federal prisoner serving a sentence on a number of offenses. Boyd was first sentenced in 1994 to 110 months for armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and consecutive terms of 60 months, 240 months, and 240 months for multiple counts of using and carrying a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c). Exhibit 1, *United States v. Boyd*, No. 2:94-cr-00052, ECF No. 39 (Judgment) (E.D. Wisc. Sept. 23, 1994). Granted compassionate release in 2021, he subsequently violated supervised release and was sentenced to serve 33 months consecutive to a sentence from the Central District of Illinois. Exhibit 2, *Id.*, ECF No. 84 (Decision and Order) (E.D. Wisc. Jan. 6, 2021); Exhibit 3, *United States v. Boyd*,

No. 1:22-cr-00109, ECF No. 22 (Judgment) (N.D. Ill. May 14, 2024). Boyd was also sentenced to serve 180 months for armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), consecutive to the sentence from the Northern District of Illinois. Exhibit 4, *United States v. Boyd*, No. 4:23-cr-40007, ECF No. 28 (Judgment) (C.D. Ill. Apr. 12, 2024); Exhibit 5, Declaration of S. Allison-Love, ¶ 3. Boyd is eligible for home detention on December 17, 2037, and is projected for good conduct time release on June 17, 2038. *Id.*, Attachment 1.

Boyd filed this habeas petition claiming that the Bureau of Prisons has improperly denied him First Step Act credits. ECF No. 1, PageID.2, 6. In addition to his failure to exhaust his administrative remedies, his claim is substantively without merit because his § 924(c) convictions render him ineligible for FSA credits. Exhibit 5, Declaration of S. Allison-Love, ¶¶ 4–5.

3

## Argument

**I.   Boyd's habeas petition should be dismissed for failure to exhaust his administrative remedies.**

The Bureau of Prisons' administrative remedy process allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq*. It is well-settled that federal prisoners must exhaust administrative remedies with the Bureau of Prisons before filing a habeas petition. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). This exhaustion requirement allows "the Bureau of Prisons … the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). And it "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Thus, before going to court, the prisoner must raise and pursue his request through the Bureau of Prisons' administrative remedy

program. That program requires the prisoner to submit a request to the warden of his facility and, if necessary, appeal the denial of the request to the Regional Director and then to the BOP's Central Office. 28 C.F.R. §§ 542.15–18; Exhibit 5, Declaration of S. Allison-Love, ¶ 6. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Crisp v. United States*, No. 20-11538, 2020 WL 8765938, at *1 (E.D. Mich. Aug. 12, 2020) (quoting *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994)). Here, Boyd did not exhaust his administrative remedies on his claim. *See* Exhibit 5, Declaration of S. Allison-Love, ¶¶ 6–11 and Attachment 2. Thus, the Court should dismiss his petition for failing to exhaust his administrative remedies. *See Cook v. Hemingway*, No. 21-cv-11711, 2022 WL 3568571 (E.D. Mich. Aug. 18, 2022); *Buchanan v. Hemingway*, No. 22-cv-13035, 2023 WL 3442236 (E.D. Mich. April 13, 2023).

II. **Boyd's § 924(c) conviction renders him ineligible to earn credits under the First Step Act.**

Aside from Boyd's failure to pursue any administrative remedy, Boyd is statutorily ineligible for credits under the First Step Act. His convictions under 18 U.S.C. § 924(c) preclude him from receiving such credits.

5

Under the First Step Act, 132 Stat. 5194, P.L. 115-391 (effective Dec. 21, 2018), some federal prisoners who engage in recidivism-reduction programs are entitled to earn credits toward early release or prerelease custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Some prisoners, however, are categorically ineligible to earn those credits because of their offenses of conviction. 18 U.S.C. § 3632(d)(4)(D). Boyd is ineligible to earn credits because of his § 924(c) conviction. The statute is explicit: "A prisoner is ineligible to receive time credits under [the First Step Act] if the prisoner is serving a sentence for a conviction under … Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). And when a defendant receives "multiple terms of imprisonment"—as Boyd did here—Congress mandates that those terms "shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Thus, Boyd is serving a single sentence and his ineligibility for FSA credits because of his § 924(c) conviction extends to his armed robbery conviction. *See* Exhibit 5, Declaration of S. Allison-Love, ¶¶ 3–5.

The Sixth Circuit has held that when an inmate is serving multiple terms of imprisonment, BOP is required to aggregate those terms and so long as any one of those convictions precludes FSA credits, an inmate isn't entitled to FSA credits as to *any* of those convictions. *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023). In *Keeling*, the inmate was serving a 60-month term for violating 18 U.S.C. § 924(c) and a consecutive 57-month term for drug distribution and being a felon-in-possession of a firearm. *Id.*, 2023 WL 9061914, *1. Like Boyd, the inmate argued that while he was ineligible for FSA credits on his 924(c) conviction, BOP improperly denied credits as to his other convictions. *Id.* The district court rejected that argument, and the Sixth Circuit affirmed. The Court held that § 3584(c) required BOP to aggregate the multiple terms of imprisonment into a single, aggregate term. *Id.* (quoting *United States v. Gonzales*, 520 U.S. 1, 8 (1997)). And because one of his convictions rendered him ineligible for FSA credits, he was ineligible as to the entire term of his aggregated sentence. *Id.* Boyd falls precisely within *Keeling*'s holding and the same result should apply here. *See Krieg v. Warden*, No. 24-5264, 2025 U.S. App. LEXIS 7276 (6th Cir. Mar. 27, 2025); *Andrews v. Rardin*, No. 2:24-

7

cv-10994, 2024 WL 3236249 (E.D. Mich. June 28, 2024) (Cox, J.) (summarily dismissing § 2241 petition citing *Keeling*); *Martinez v. Healy*, No. 4:24-cv-00833, 2025 U.S. Dist. LEXIS 137132, *10–*15 (N.D. Ohio, July 18, 2025) (sentences from different cases properly aggregated and preclude FSA credits).

Boyd's claim that his two sentences cannot be aggregated is similarly without merit. He cites a reference to "2 COMPS SRA AND PLRA CANNOT BE AGGREGATED" on his sentence computation data form in his petition. ECF No. 1, PageID.26, 28. But "COMPS" refers to sentence *computation*, not FSA eligibility. *See* Exhibit 5, Declaration of S. Allison-Love, ¶ 5. Even Boyd's own exhibit (which confusingly includes computation data as of different dates) makes it clear that his "FSA ELIGIBILITY STATUS IS: INELIGIBLE." ECF No. 1, PageID.25, 27. Boyd takes different parts of the BOP policy statement regarding how sentences are *calculated* and mistakenly tries to weave it into a claim that his multiple sentences *can't* be aggregated for FSA purposes, despite § 3584(c)'s explicit mandate to the contrary. *See, e.g. Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, *3 (5th Cir. Jan. 12, 2024) (although multiple terms of imprisonment are not aggregated in all

8

contexts, aggregation is explicitly applicable in the administrative context).

In any event, it's unclear precisely what Boyd's claim or its legal basis is or how the Sentence Computation Manual set forth in BOP Program Statement 5880.20—which specifically governs the *computation* of sentences and not *eligibility* for FSA credits—supports his claim and somehow invalidates the explicit bar found in § 3632(d)(4)(D)(xxii) precluding FSA credits for those offenders convicted of violating § 924(c). *Compare* BOP Program Statement 5410.01 (First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)). Moreover, he cites no authority supporting his argument. Quite simply, Boyd is mixing apples and oranges by confusing sentence computation with sentence aggregation for determining eligibility to earn FSA credits. Trying to understand this claim illustrates the reason why exhaustion is required and should be enforced here. Boyd's failure to use—and exhaust—the administrative remedy procedure has deprived BOP of the ability and opportunity to address this claim, explain how it interprets its regulations in the first instance, and demonstrate how those regulations

9

apply to Boyd's claim. Boyd shouldn't be able to use his failure to exhaust as a sword to deprive BOP of its right and ability to address Boyd's claim on the merits in the first instance.

Relatedly, Boyd argues that the court—and not BOP—must exercise their independent judgment in interpreting federal law, citing the Supreme Court's recent opinion in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). But *Loper Bright* doesn't apply here. BOP is following a Congressional mandate that it "shall" aggregate the multiple terms of imprisonment. *See* 18 U.S.C. § 3584(c). It was not engaging in interpreting a silent or ambiguous statute. *Loper Bright*, 603 U.S. at 379.

The Bureau of Prisons has correctly determined that, based on the plain language of the First Step Act, Boyd is "ineligible to receive time credits." 18 U.S.C. § 3632(d)(4)(D); *see Cortez v. Hemingway*, No. 22-cv-12234, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023) (denying a prisoner's habeas petition in similar circumstances).

## Conclusion

Boyd's habeas petition should be dismissed without prejudice for failure to exhaust his administrative remedies, or alternatively, denied on the merits.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ William J. Vailliencourt, Jr.
William J. Vailliencourt, Jr.
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9626
William.Vailliencourt@usdoj.gov

Dated: August 20, 2025

## Certificate of Service

I certify that on August 20, 2025, I electronically filed this response with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

>Eric Boyd
>Federal Correctional Institution
>Reg. No. 01807-089
>P.O. Box 1000
>Milan, MI  48160

>/s/ William J. Vailliencourt, Jr.
>Assistant United States Attorney