# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**UNITED STATES OF AMERICA,**
           **Plaintiff**

     v.                                             Case No. 94-CR-52

**ERIC BOYD**
           **Defendant**
_____

### DECISION AND ORDER

Defendant Eric Boyd moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  In a letter-response, the government indicates that it leaves resolution of the motion to the court's discretion.  (R. 83.)  For the reasons that follow, I grant the motion and reduce defendant's prison sentence to time served.

### I.  FACTS AND BACKGROUND

On June 16, 1994, a jury convicted defendant of three counts of armed bank robbery and three accompanying violations of 18 U.S.C. § 924(c).  On September 22, 1994, Judge Curran sentenced defendant to a total of 650 months (54 years and 2 months) in prison, followed by three years of supervised release.  In imposing this extraordinarily lengthy term, Judge Curran followed the "stacking" procedure then required for multiple § 924(c) counts.  See Deal v. United States, 508 U.S. 129 (1993).  Thus, he imposed 110 months on each of the robbery counts, running concurrently with each other, with consecutive sentences of 60 months, 240 months, and 240 months on the three § 924(c) counts.  Defendant is serving his sentence at a state prison, the Sterling Correctional Facility in Colorado, with a projected release date of September 5, 2040.

## II.  DISCUSSION

### A.  Compassionate Release Standards

Pursuant to the First Step Act of 2018, the district may grant what is commonly known as "compassionate release." The statute provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The statute contains three requirements: (1) the defendant must first make a request to the warden before applying to the court; (2) the defendant must then demonstrate to the court that "extraordinary and compelling reasons" warrant a reduction in his sentence; and (3) the court must determine whether, even if such reasons are shown, a reduction of the sentence would be inconsistent with the applicable § 3553(a) factors and the need to protect the public.  See United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The statute does not define the term "extraordinary and compelling reasons." Rather, Congress instructed the Sentencing Commission, in promulgating general policy statements regarding the sentence modification provisions in § 3582(c)(1)(A), to describe

what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. See 28 U.S.C. § 994(t). The Commission's policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)   (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to the policy statement indicates that extraordinary and compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

>   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C) Family Circumstances.—
>
>   >   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   >
>   >   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Commission has not updated the policy statement, which purports to require a motion from the director of the Bureau of Prisons, see U.S.S.G. § 1B1.13 cmt. n.4, since the passage of the First Step Act, which allowed defendants to bring their own motions. Accordingly, "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of §3582(c)(1)(A) does not curtail a district judge's discretion." United States v. Gunn, 980 F.3d 1078, 1080 (7th Cir. Nov. 20, 2020); see also United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

Giving the statutory terms their ordinary meaning, a defendant seeking compassionate release would need to demonstrate that his situation is extraordinary, i.e., beyond what is usual, customary, regular, or common, and his need for release compelling, i.e., irreparable harm or injustice will result if relief is not granted. United States v. Scott, 461 F. Supp. 3d 851, 861 (E.D. Wis. 2020).  In the context of the COVID-19 pandemic, courts have found that modification may be warranted if the prisoner demonstrates that he is particularly vulnerable to the virus based on his age, health status, or other specific circumstances. E.g., United States v. Dover, No. 14-CR-196, 2020 U.S. Dist. LEXIS 133340, at *16-17 (E.D. Wis. July 28, 2020); see also United States v. Thomas, No. 1:11-CR-22, 2020 U.S. Dist. LEXIS 172963, at *6-7 (N.D. Ind. Sept. 22, 2020) (explaining that § 3582(c)(1)(A) contemplates a sentence reduction based on the particular circumstances of where the defendant is housed and his personal health conditions).  Courts have also concluded that an enormous disparity between the sentence a defendant would receive today and the term originally required may constitute an extraordinary and compelling reason for modification. E.g., United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020).

Finally, if the court decides that extraordinary and compelling reasons have been shown, it must also consider the applicable § 3553(a) factors to determine whether the sentence should be modified.  In some cases, a court may find that the relevant § 3553(a) factors outweigh the extraordinary and compelling reasons warranting compassionate release and/or that release would undermine the goals of the original sentence. United States v. Bartlett, No. 06-CR-273, 2020 U.S. Dist. LEXIS 101393, at *13-14 (E.D. Wis. June 9, 2020); see also U.S.S.G. § 1B1.13(2) (stating that the court must determine

whether release would pose "a danger to the safety of any other person or to the community").

**B.    Analysis**

Defendant made administrative requests for compassionate release to the BOP, and more than 30 days have passed.  (R. 74 at 3, 74-7, 74-8.)  He has thus satisfied the exhaustion requirement.

Defendant suffers from kidney disease (R. 74 at 2, 74-4 at 1-2), which increases his risk of severe illness from COVID-19.  See United States v. Leverette, No. 97-CR-225, 2020 U.S. Dist. LEXIS 127121, at *7 (E.D. Wis. July 20, 2020) (citing CDC guidance).  He is also confined at a facility which has experienced a severe COVID-19 outbreak, with more than 600 cases and three inmate deaths.  (R. 74 at 2, 74-2 at 3, 5.)  Additionally, given the recent abolition of the "stacking" rule for multiple § 924(c) counts, defendant's sentence today would likely be significantly shorter.  Imposing 60-month terms on each of the § 924(c) counts would produce a total sentence of 290 months (24 years and 2 months), less than the 26 years defendant has already served.  These constitute extraordinary and compelling reasons for release.  See United States v. Jones, No. 94-cr-20079, 2020 U.S. Dist. LEXIS 156098 (N.D. Cal. Aug. 27, 2020) (granting release under similar circumstances).

Finally, none of the § 3553(a) factors counsel against release.  Defendant has spent 26 years—half of his life—in prison, which is sufficient to punish him for his crimes and to deter him from committing further offenses.  While defendant had compiled a fairly significant prior record, given his current age of 52, a point when recidivism rates significantly decline, see U.S. Sentencing Commission, The Effects of Aging on

<u>Recidivism Among Federal Offenders</u> (Dec. 2017), and his solid release plan, which includes a stable residence and employment opportunity (R. 74-4 at 3), release will not endanger the public.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 74) is granted, and his prison sentence is reduced to time served.  Judge Curran had required as a condition of supervision that defendant reside for the first 60 days of release in a community correctional center; given defendant's release plan, I will hold this condition in abeyance.  All other terms and conditions of the original sentence will remain as previously fixed.  An amended judgment shall issue consistent with this order.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2021.

/s Lynn Adelman
LYNN ADELMAN
District Judge