5

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**POOR QUALITY ORIGINAL**

25-11563    E. Perez B-1cc

U.S. DEPARTMENT OF JUSTICE       1 of 3
Federal Bureau of Prisons                    REQUEST FOR ADMINISTRATIVE REMEDY

7-19-24

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: **Boy, Eric**         01807-089    B-1      FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – INMATE REQUEST**

The BOP has erroneously and unfairly determined that I am ineligible to receive First Step Act (FSA) Federal Time Credits (FTCs). On September 19, 2023 I pled guilty to both bank robbery and to brandishing a toy gun during the robbery (18 U.S.C. 2113(a) and 18 U.S.C. 2113(d)) respectively, neither of which renders me ineligible to receive FTCs. The BOP, however, combined my revocation sentence with my current sentence and determined that my revocation sentence, which derives from 30 year-old convictions for 3 counts of 924(c) and 3 counts of bank robbery, renders me ineligible to receive FSA earned credits. (Continue on attached page)

7/18/24                              Eric Boyd
DATE                                 SIGNATURE OF REQUESTER

**Part B – RESPONSE**



FILED
OCT 10 2025
CLERK'S OFFICE
DETROIT

_____        _____
DATE                          WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE               CASE NUMBER: _____

                                         CASE NUMBER: _____
**Part C – RECEIPT**
Return to: _____

2 of 3

The BOP's decision to aggregate my consecutive sentences, which were demonstrably imposed by two different U.S. District courts, on two different dates, is not only contrary to federal law but it is also contrary to Loper Bright Enters v. Raimondo, NOS 22-451, 22-1219, 2024 U.S. LEXIS 2882 (June 28, 2024), in which the Supreme Court recently held: the Administrative Procedure Act (APA) requires courts to exercise their independent judgement in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statue is ambiguous; Chevron v. Natural Resources Defense Council.

In my case the BOP combined my revocation sentence, which derives from 30 year-old 924(c) convictions, with my current sentence, imposed for eligible bank robbery, and determined that on the basis of my 1996 924(c) convictions, I am ineligible for FSA time credits.

The states: A prisoner is ineligible to receive time credits... my current bank robbery conviction for which I am now serving time does not, according to the FSA statue, render me ineligible to receive FSA Time Credits. Clearly, my convictions, 2113(a) and 2113(d) for which I will be serving time upon the completion of my revocation sentence, does not render me ineligible to receive FTCs.

Furthermore, the revocation sentence I am currently serving is for the 3 robberies I was convicted of in 1996 and not for the concomitant 924(c) convictions, as the First Step Act invalidated the 924(c) stacking provision, which means, applying the First Step Act's revisions, I likely would have received three 5-year consecutive terms under 924(c) totaling 15 years. Thus, I would have completed my sentences for my three 924(c) convictions in 2011. The plain language of the 924(c) statute states that sentences must be imposed consecutively to any other sentence. (See United States v. Murray 2023 U.S. Dist. LEXIS 6423. 6th Cir.)

Additionally, the Supreme Court ruled in Leper Bright Enters v. Raimondo that "the Administrative Procedure Act requires courts to exercise their independent judgement in deciding whether an agency has acted within its statutory authority."

The BOP demonstrably failed to act within its statutory authority when it arbitrarily aggregated my consecutively imposed sentences and then used its arbitrary aggregation to render me ineligible to receive FTCs.

For the foregoing reasons, I respectfully request that the BOP immediately allow me to retroactively receive FTCs, starting from the date and year the FSA was implemented, or alternatively allow me to begin earning FTCs upon the completion of my revocation sentence.

Eric Boyd #01807-089
FCI Milan
PO Box 1000
Milan, Michigan
48160

October 1, 2025

UNITED STATES DISTRICT COURT
CLERK'S OFFICE
231 Lafayette Boulevard
Detroit, Michigan 48226

Dear Clerk: Enclosed is an exhibit I neglected to attach to my RESPONSE TO THE GOVERNMENT, Boyd v. Rardin, Case No. 1:25-cv-11563.

   Would you please attach said enclosed exhibit to my RESPONSE. Thank you.

Sincerely,
Eric Boyd

Eric Boyd # 01807-089
FCI Milan
PO Box 1000
Milan, Michigan 48160

METROPLEX MI 480
7 OCT 2025 PM 10 L


RECEIVED
OCT 10 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
CLERK'S OFFICE
231 Lafayette Boulevard
Detroit, Michigan 48226

48226-275426