UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC ALLEN BOYD,

                Petitioner,                      Case No. 1:25-cv-11563

v.

                                        Honorable Thomas L. Ludington

ERIC RARDIN,                           United States District Court Judge

                Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

        In 1994, Petitioner Eric Allen Boyd was convicted of armed bank robbery under 18 U.S.C. § 2113(a) & (d), and using and carrying a firearm to commit a crime of violence under 18 U.S.C. § 924(c). After being released from prison to serve a term of supervised release, Petitioner robbed another bank, earning him two new prison sentences: one for violating his terms of supervised release and one for the bank robbery. While serving the new sentences, on May 28, 2025, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that the Federal Bureau of Prisons refuses to apply his earned time credits under the First Step Act. As explained below, the Petition will be denied.

**I.**

        In 1994, Petitioner Eric Allen Boyd was sentenced to 110 months of imprisonment for armed bank robbery under 18 U.S.C. § 2113(a) and (d), along with consecutive terms of 60, 240, and 240 months for multiple counts of using and carrying a firearm to commit a crime of violence under 18 U.S.C. § 924(c). *United States v. Boyd*, Case No. 2:94-cr-00052 (E.D. Wis.). He received compassionate release from confinement in 2021. ECF No. 9-3. After that, his supervised release

was transferred to the Northern District of Illinois. *United States v. Boyd*, Case No. 1:22-cr-00109 (N.D. Ill.).

While on supervised release, Petitioner committed another armed bank robbery. *See United States v. Boyd*, Case No. 4:23-cr-40007 (C.D. Ill.). This, of course, constituted a violation of his terms of supervised release. *United States v. Boyd*, Case No. 1:22-cr-00109 (N.D. Ill.). So Petitioner was ordered to serve a 33-month term of imprisonment, to run consecutively to a separate 180-month imprisonment sentence imposed by the Central District of Illinois for the fresh bank robbery. ECF Nos. 9-4; 9-5.

He is serving these sentences in FCI Milan in Milan, Michigan. ECF No. 1. On May 28, 2025, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *Id.* He contends that the Federal Bureau of Prisons (BOP) wrongly denied him time credits under the First Step Act (FSA). *Id.*

## II.

Under 28 U.S.C. § 2241, federal prisoners may petition for writs of habeas corpus challenging the legality of "the manner in which" their "sentence is [being] executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *see also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779–80 (E.D. Mich. 2008). But before filing these petitions, prisoners must fully exhaust any available administrative remedies unless doing so would be futile. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). And if a prisoner fails to exhaust available administrative remedies, a court may dismiss the petition. *See Otero v. Dove*, 23 F.3d 407 (6th Cir. 1994).[1]

---

[1] Even though Respondent argues that Petitioner did not exhaust his administrative remedies, because the Petition lacks merit, this Court will proceed to the merits.

## III.

Petitioner claims the BOP wrongly determined that he is "ineligible for [FSA] time credits." ECF No. 1 at PageID.2. Respondents defend that determination and contend that Petitioner is not entitled to habeas relief. ECF No. 9. Respondents are correct—Petitioner is not entitled to habeas relief.

The FSA allows eligible federal inmates to earn time credits toward prerelease custody or supervised release. An eligible inmate earns ten days of credit for every thirty days of successful participation in recidivism-reduction programs or productive activities. 18 U.S.C. § 3632(d)(4)(A)(i). An inmate earns an additional five days during that same period when he maintains a minimum or low recidivism risk through two consecutive Bureau of Prisons assessments. § 3632(d)(4)(A)(ii); 28 C.F.R. § 523.42(c)(2). Congress capped the application of credits toward supervised release at 365 days. § 3624(g)(3); 28 C.F.R. § 523.44(d). Credits that remain may shorten an inmate's custody by placing them in a reentry center or on home confinement. 28 C.F.R. § 523.44(c).

Importantly, inmates hold no constitutional right to earn or receive sentencing credits. Courts have long held that neither the chance to earn credits nor the expectation of receiving them creates a protected liberty interest. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001); *Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002). Courts have reached the same conclusion under the FSA. *See Fontanez v. Rardin*, 2024 WL 1776338, *3 (E.D. Mich. 2024); *Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024).

The BOP determined that Petitioner's § 924(c) conviction precludes him from receiving such credits. ECF No. 9-6 at PageID.145. To that end, not all prisoners are eligible for FSA credits because Congress rendered prisoners with certain convictions, like § 924(c) convictions, ineligible.

*Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (citing 18 U.S.C. § 3632(d)(4)(D)(xxii)). And the Sixth Circuit has applied that bar as written. *See id.*; *Keeling v. Lemaster*, 2023 WL 9061914, *1 (6th Cir. 2023). Thus, this Court must do the same, which precludes Petitioner's habeas claim.

Petitioner argues that his 1994 convictions should not combine with his 2023 robbery convictions because the former arose under the Sentencing Reform Act and the latter under the Prison Litigation Reform Act. But Congress foreclosed that argument in 18 U.S.C. § 3584(c), providing that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated . . . as a single, aggregate term." The Sixth Circuit recognizes that the BOP computes sentences and credits under that mandate. *Oiler*, 2025 WL 1864875, at *1. Other courts agree and uphold the use of aggregated sentences to determine FSA eligibility. *See Martinez v. Rosalez*, 2024 WL 140438, *3 (5th Cir. 2024); *Teed v. Warden Allenwood FCI Low*, 2023 WL 4556726, *2 (3d Cir. 2023); *Nettles v. Entzel*, No. CV 25-101-DLB, 2025 WL 3284442, at *1 (E.D. Ky. Nov. 25, 2025) (collecting cases).

Petitioner next claims that his current imprisonment for violating supervised release should sever any link to his 1994 convictions. But revocation penalties attach to the original offense. *Johnson v. United States*, 529 U.S. 694, 700–01 (2000). And courts that addressed this argument have held that, where, as here, an inmate violates supervised release on a § 924(c) conviction, he remains ineligible for FSA credits. *See Gunderson v. FMC Rochester*, 2025 WL 1827734, *2 (D. Minn. 2025); *Mancillas v. Fed. Bureau of Prisons*, 2023 WL 5404229, *5 (D. Md. 2023).

Petitioner finally turns to *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), contending that the BOP's reading of the FSA—that his § 924(c) precludes him from time credits—cannot stand without *Chevron* deference. But *Loper* provides no refuge for Petitioner. In

neither *Oiler* nor *Keeling* did the Sixth Circuit rely on *Chevron* deference when permitting the "BOP to deny FSA credits where an aggregate sentence includes a disqualifying conviction." *Bennett v. Rardin*, No. 24-CV-13344, 2025 WL 3172381, at *3 (E.D. Mich. Nov. 13, 2025). Not to mention, *Oiler* post-dates *Loper*.

In sum, Petitioner is not entitled to habeas relief. The BOP correctly concluded that Petitioner's § 924(c) precludes him from receiving FSA time credits. As a result, his Petition for a Writ of Habeas Corpus, ECF No. 1, will be denied.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that Petitioner Eric Allen Boyd's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes this case.**

Dated: December 15, 2025                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge